UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GHAFAR WAKIL,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondents.

Case No. 2:26-cv-02245-TMC

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION AND BACKGROUND

Petitioner Ghafar Wakil is an Afghan citizen who first entered the United States without inspection on September 10, 2023. Dkt. 6 ¶ 4; Dkt. 7-1 at 2. Following his entry into the country, he was apprehended by United States Border Patrol ("USBP") agents and released on his own recognizance two days later. Dkt. 6 ¶¶ 5–6; Dkt. 7-2 at 2. At that time, he was issued a notice to appear charging him with presence in the United States without admission or parole. Dkt. 7-1 at 2. On October 7, 2023, Petitioner attempted to enter Canada, but Canadian authorities refused his requests for entry and asylum. Dkt. 6 ¶ 8.

In 2024 and 2025, Petitioner filed several applications for asylum and withholding of removal in United States immigration court. Dkt. 6 ¶¶ 11–13. On May 7, 2025, an Immigration

Judge ("IJ") held a hearing on Petitioner's asylum application. *Id.* ¶ 14; Dkt. 8 at 3. The IJ reserved decision at that time. Dkt. 6 ¶ 14; Dkt. 8 at 3.

On January 26, 2026, Canadian immigration officials observed Petitioner "crossing into Canada between designated ports of entry." Dkt. 7-3 at 8. Petitioner sought refugee protection in Canada but was denied. *Id.* at 3–8. The next day, Canadian officials returned Petitioner to USBP custody. Dkt. 6 ¶ 15; Dkt. 7-4 at 3. USBP revoked Petitioner's 2023 order of release on recognizance ("OREC") and detained him. Dkt. 6 ¶ 16. He was then transferred to the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC"), where he remains detained. *Id.*; Dkt. 1 at 2. On February 19, an IJ ordered Petitioner removed to Afghanistan. Dkt. 8 at 22–23. On March 8, Petitioner appealed that order to the Board of Immigration Appeals; the appeal remains pending. Dkt. 6 ¶ 19.

Petitioner has been diagnosed with Hepatitis B, liver disease, and elevated liver enzymes. Dkt. 5 ¶ 8; Dkt. 10 ¶ 17. Prior to his detention, Petitioner received treatment for these conditions at Harborview Medical Center. Dkt. 10 ¶ 16. Petitioner disclosed these conditions to staff when he arrived at NWIPC. Dkt. 5 ¶ 7. While at NWIPC, Petitioner has received daily oral antiviral medication; additionally, NWIPC medical staff have regularly monitored his condition, conducted abdominal imaging, and referred him for further treatment at Harborview. *Id.* ¶¶ 9–15. Petitioner attests that he has "repeatedly requested medical care" but has not received specialized care like the kind he received at Harborview, and his condition has deteriorated as a result. Dkt 10 ¶¶ 19–25.

On June 28, 2026, Petitioner filed a petition for writ of habeas corpus, arguing that he is entitled to release because he has been receiving constitutionally inadequate medical care at NWIPC. Dkt. 1. On July 13, Federal Respondents filed a return (Dkt. 4), and on July 20,

Petitioner filed a traverse (Dkt. 9). The habeas petition is now ripe for the Court's review. For the reasons that follow, the Court DENIES the petition.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

Petitioner argues that Respondents' failure to provide him with adequate medical care has rendered his confinement unconstitutionally punitive. Dkt. 1 at 6–9. He asserts that detention under these circumstances has become arbitrary in violation of his due process rights. *Id.* at 9–13. Federal Respondents argue that Petitioner's detention is justified because of his two attempts to enter Canada, that the medical care he has received at NWIPC is adequate, and that claims related to conditions of confinement are not properly raised in a habeas petition. Dkt. 4 at 6–11.

"The Fifth Amendment requires the government to provide conditions of reasonable health and safety to people in its custody." *Roman v. Wolf*, 977 F.3d 935, 943 (9th Cir. 2020) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989)). To prove a violation of this duty, a petitioner must show: (1) the government "made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the [government] did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved"; and (4) "by not taking such measures, the [government] caused the plaintiff's injuries." *Id.* (alterations in

original) (quoting *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018)). "With respect to the third element, the government's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (alterations and internal quotation marks omitted) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)). "A mere lack of due care is not enough; a plaintiff must show something akin to reckless disregard." *Id.* (internal quotation marks omitted) (quoting *Gordon*, 888 F.3d at 1125).

Even assuming that Petitioner's claims are cognizable in habeas, Petitioner has not shown objectively unreasonable conduct akin to reckless disregard of his medical conditions. Although Petitioner himself is a physician and asserts that his assessment of his own condition is based on his medical training, *see* Dkt. 10 ¶¶ 15, 18, he does not submit any medical records or expert declarations to support his claim that the care he received has been inadequate. Federal Respondents submit a declaration from Dr. Eddie Wang, the Clinic Director at NWIPC, stating that Petitioner has received care at the facility including daily medications, ultrasounds, lab work, and a referral to further care at Harborview. Dkt. 5 ¶¶ 9–15. Dr. Wang attests that Petitioner has not yet received an appointment because of lack of availability at Harborview, but that NWIPC staff have followed up with the clinic "and will make every effort to have Petitioner seen." *Id.* ¶ 14.

Petitioner relies on *Shevchuk v. Scott*, No. 2:26-CV-01872-SAB, 2026 WL 1802094 (W.D. Wash. June 23, 2026). Dkt. 9 at 8–9. There, in considering a claim that a petitioner had received an inadequate bond hearing before an IJ, the court determined that the petitioner was not required to exhaust administrative remedies in part because he lacked access to therapeutic treatment while in custody and therefore faced irreparable injury from his continued detention.

*Shevchuk*, 2026 WL 1802094, at *2. Contrary to Petitioner's assertions, that case does not stand for the proposition that the care he has received is so inadequate as to require immediate release.

To the extent Petitioner raises a procedural due process claim related to the revocation of his OREC and subsequent re-detention, those arguments also fail. *See* Dkt. 1 at 13–16; Dkt. 9 at 2–7, 10–11. Petitioner entered Canada in January of this year and was returned to the United States by Canadian immigration authorities. Dkts. 7-3, 7-4. It is this most recent entry into the United States—not his initial 2023 entry—that governs his current detention. And the basis for his detention is not arbitrary: Respondents re-detained Petitioner based on two attempts to leave the United States since receiving his OREC. Dkt. 6 ¶ 16. While Petitioner asserts that he traveled to Canada based on a belief that the IJ intended to deny his applications for relief and did not intend to flee from authorities, *see* Dkt. 9 at 5–7, Dkt. 10 ¶ 7, this does not change the fact that his unlawful entry into Canada between ports of entry was an intervening circumstance that made him eligible for custody redetermination. *See* Dkt. 7-2. Petitioner has not shown that his current detention is either arbitrary or unreasonable.

## IV. CONCLUSION

The petition for writ of habeas corpus (Dkt. 1) is DENIED.

Dated this 25th day of August, 2026.

Tiffany M. Cartwright
United States District Judge